### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| THOMAS G. PLUMMER | : | BK. NO. 14-13103-AMC |
| | : | |
| Debtor | : | Hearing Date: February 17, 2015 |
| | : | 10:00 AM |
| | : | Courtroom 5 |

**DEBTOR'S MOTION TO REINSTATE AUTOMATIC STAY**

NOW COMES Thomas G. Plummer (the "Debtor"), by and through undersigned counsel, and moves this Honorable Court for entry of an Order Reinstating Automatic Stay as to Real Property with respect to Nationstar Mortgage LLC ("Nationstar"), and in support thereof, respectfully represents as follows:

1. On April 18, 2014 ("Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Debtor owns the premises located at 420 Grape Street, Warminster, PA 18974 ("Property").

3. On July 29, 2014, Nationstar filed Proof of Claim No. 3, listing a mortgage on the Property with a balance of $136,999.40, with arrears in the amount of $20,330.40 for the months of November 2012 through the Petition Date, including an escrow shortage, attorney fees, and title costs. *See* Proof of Claim No. 3.

4. The Proof of Claim listed the monthly mortgage payments at $908.54 for principal and interest only. *See* Id..

5. On November 3, 2014, Debtor filed an Amended Chapter 13 Plan that listed arrears due to Nationstar at $30,824.41, more than ten thousand dollars in excess of the arrears claimed by Nationstar in its Proof of Claim. *See* Docket No. 32.

6. Additionally, the bulk of the plan was funded by a withdrawal of $37,500.00 from Debtor's 401(k) account.

7. On October 10, 2014, Nationstar Mortgage, LLC ("Nationstar") filed a Motion for Relief From Stay. *See* Docket No. 25.

8. In that Motion, Nationstar alleged that Debtor failed to make post-petition mortgage payments in the amount of $1,176.35 for the months of May 2014 through September 2014. *See* Id.

9. The total amount alleged to reinstate the loan post-petition was $5,881.75. *See* Id.

10. Debtor attempted to make payments to Nationstar, but due to the fact that the automatic stay was in effect, payments were rejected by Nationstar.

11. Nevertheless, Debtor continued attempting to make payments, and on November 14, 2014, Nationstar accepted check no. 3264 in the amount of $1,200.00. Additionally, on January 26, 2015, Nationstar accepted check no. 3267 and 3268 each in the amount of $1,400.00. On January 28, 2015, Debtor's Counsel issued Debtor's check no. 3269 in the amount of $1,200.00 to Nationstar's counsel. True and correct copies of said checks are attached hereto as **Exhibit A**.

12. The proposed Amended Plan was more than adequate to cover all mortgage arrears. Unfortunately, Debtor's 401(k) company required extensive paperwork to make the withdrawal that would fund the plan, which drew objections from the Trustee's office and delayed confirmation process.

13. Debtor's Counsel kept in contact with Nationstar's counsel advising of the difficulty that Debtor had in securing the 401(k) funds, and advising that the Plan was adequate to service all arrears, pre-petition and post-petition.

14. On November 3, Debtor's Counsel advised this court and Nationstar's counsel of the aforementioned facts in a responsive letter. *See* Docket No. 33, attached hereto as **Exhibit B**.

15. Nevertheless, Nationstar's counsel proceeded with the Motion for Relief From Stay and obtained relief on November 4, 2014. *See* Docket No. 36.

16. In December of 2014, Debtor was finally able to secure the main funding for the plan and forwarded same to Trustee's office, which led the Trustee to withdraw his objections to confirmation on December 23, 2014.

17. Debtor's property has been rescheduled for Sheriff's sale on April 10, 2015.

18. Debtor has proposed a plan that pays all creditors and all arrears with Nationstar, but was unduly delayed by his 401(k) company.

19. Debtor has resolved all issues, has secured the funds and the Trustee has accepted the funds.

20. Debtor has been current on mortgage payments since November, and attempted to make mortgage payments upon the filing of the petition, but payments were rejected by Nationstar.

21. As of today, the Debtor's plan is more than 80% paid, therefore the Plan has a very high likelihood of completion, and is therefore very likely to be confirmed.

WHEREFORE, for the aforementioned reasons, the Debtor prays that this Honorable Court enter an Order Reinstating Automatic Stay.

Dated: 1/29/2015

Respectfully submitted,

*/s/ Tudor Neagu*
Tudor Neagu, Esq.
Law Office of Greg Prosmushkin, PC
9637 Bustleton Ave.

3

Philadelphia, PA 19115
T:   (215) 673-7733
F:   (215) 673-7933
E:   tudor@gproslaw.com